UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
TWO KIDS FROM QUEENS, INC., and
1812 CLOTHING CORP. d/b/a/ "Max &
Gino's All American Clothing Co.,

                    Plaintiffs,

   -against-

J&S KIDSWEAR, INC., R.B.K.
CHILDREN'S WEAR, INC., and RON
KLEIN, individually, and d.b.a "DENNY'S
CHILDRENSWEAR," FLOWERS BY
ZOE, INC., CANTEEN, INC., and
SO NIKKI, INC., individually, and d/b/a
"SO NIKKI" and/or "LUCY,"

                    Defendants.
------------------------------------------------------X

**MEMORANDUM & ORDER**

Civil Action No. 09-3690
(DRH)(AKT)

**APPEARANCES**:

**Stein Law, P.C.**
Attorneys for Plaintiffs
24 Woodbine Avenue, Suite 4
Northport, New York 11768
By:    Mitchell A. Stein, Esq.
         Erik B. Zarkosky, Esq.

**Siller Wilk LLP**
Attorneys for Defendants J & S Kidswear, Inc., R.B.K. Children's Wear, Inc., Ron Klein, as an individual and Ron Klein, d/b/a/ Denny's Childrenswear
675 Third Avenue, 9th Floor
New York, New York 10017
By:    M. William Scherer, Esq.

**Natter & Natter**
Attorneys for Defendants J & S Kidswear, Inc., R.B.K. Children's Wear, Inc., Ron Klein, as an individual and Ron Klein, d/b/a/ Denny's Childrenswear
501 Fifth Avenue
New York, New York 10017
By:    Seth Natter, Esq.

**HURLEY, Senior District Judge:**

Plaintiffs commenced this action asserting claims against defendants J&S Kidswear, Inc. ("J&S"), R.B.K. Children's Wear Inc. ("RBK"), Ron Klein, individually and Ron Klein "Klein"), doing business as Denny's childrenswear ("Denny's") (collectively "Defendants")[1] under the Copyright Act, 17 U.S.C. § 101, et seq.) and the Lanham Trademark Act, 15 U.S.C. § 1125, as well as under state law. Presently before the Court is Defendants' motion to dismiss the complaint.[2] For the reasons set forth below, the motion is granted to the extent that the claims against RBK, Klein, and Denny's predicated upon an alter ego theory are dismissed with leave to replead, and is otherwise denied.

**I.    Motion to Dismiss Standard**

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has recently clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6).

First, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) that "a complaint should not be

---

[1] Although named as Defendants in the complaint, the claims against the following entities have been dismissed pursuant to a stipulation: Flowers By Zoe, Inc., Canteen Inc., and So Nikki, Inc., individually, and d/b/a "So Nikki" and or "Lucy".

[2] Although the notice of motion identifies the movants as J&S, RBK, Klein, and Denny's, the Memorandum of Law recites that it is submitted by RBK, Klein and Denny's, omitting J&S. *See* Defs.' Mem. in Supp. at 1. With respect to J&S, Defendants' Memorandum does assert that "the counts against J&S also should be dismissed with leave for Plaintiffs to re-plead because it simply would be impossible to draft a comprehensive answer until the objectionable portions dealing with the other defendants has been excised." *Id*. at 3.

dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550 U.S. at 562. Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 555 (citations and internal quotation marks omitted).

More recently, in *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937 (2009), the Supreme Court provided further guidance, setting a two-pronged approach for courts considering a motion to dismiss. First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555)).

Second, "[w]hen there are well-pleaded factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual

> content that allows the court to draw the reasonable inference that
> the defendant is liable for the misconduct alleged. The plausibility
> standard is not akin to a "probability requirement," but it asks for
> more than a sheer possibility that a defendant has acted unlawfully.
> Where a complaint pleads facts that are "merely consistent with" a
> defendant's liability, it "stops short of the line between possibility
> and plausibility of 'entitlement to relief.'"

*Id.* at 1949 (quoting and citing *Twombly*, 550 U.S. at 556-57) (internal citations omitted). In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not 'show[n]' - - that the pleader is entitled to relief." *Id.* at 1950.

With the foregoing precepts in mind, the Court shall proceed to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

Preliminarily, the Court notes that in framing their motion, Defendants concentrate on whether there are sufficient facts to support a claim of alter ego liability on the part of RBK, Klein and Denny's. Although seeking dismissal of the complaint, Defendants fail to address in any meaningful fashion the allegations against them which support the trademark and copyright claims against them on the basis of contributory infringement, vicarious liability and/or as joint tortfeasors.[3] The Court has, however, reviewed the complaint with a view towards whether sufficient facts have been alleged to support such liability and finds that it does. For example, it

---

[3] According to Defendants "Plaintiffs do not and cannot claim that any party other than J&S purchased apparel from them or manufactured clothing allegedly based on Plaintiffs' designs. Rather Plaintiffs' claim of liability against RBK, Klein and Denny's depends exclusively on Plaintiffs' unsupported accusation that these parties are each the mere 'alter ego' of J&S." Defs.' Mem. in Supp. at 3. As set forth in the text, Defendants are wrong as the complaint alleges such purchases. Also Defendants ignore the allegations that these three entities offered infringing goods for sale.

4

is alleged that "[i]n early June of 2009, defendants J&S, RBK and Klein submitted purchase orders for a large number of genuine garments from plaintiffs, bearing the Plaintiff's Trade Dress, Trademark and Copyrights" for the purpose of "secretly duplicating those garments and had already commenc[ed] manufacturing and selling the counterfeits interspersed with original in their stores." (Complaint ¶¶ 42 and 43.) It is also alleged that "[s]ince on or about the beginning of June 2009, defendants, each, individually and collectively, have offered for sale and sold clothing that infringes Plaintiffs' Trade Dress, Trademarks, and Copyrights," which allegation is followed by a depiction of "representative samples of such infringement." (*Id.* ¶ 48.) *See generally* J. Thomas McCarthy, 4 McCarthy on Trademarks and Unfair Competition §§ 25:17-25:25 (4th ed. 2009).

**II. Alter Ego Liability**

In order to impose liability under an alter ego or piercing the corporate veil theory, a plaintiff must prove (1) that the person or entity sought to be held liable on said theory "'exercised complete domination over the corporation with respect to the transaction at issue' and (2 )that 'such domination was used to commit a fraud or wrong that injured' . . . 'the party seeking to pierce the veil.'" *D. Klein & Son, Inc. v. Good Decision, Inc.*, 147 Fed. Appx. 195, 197 (2d Cir. Feb. 15, 2005) (Summary Order) (quoting *Mag Portfolio Consult. Gmbh v. Merlin Biomed Group LLC,* 268 F.3d 58, 63 (2d Cir. 2001). As the Second Circuit recently stated:

> [E]quity usually pierces a corporate veil to allow liability to be imposed on the actual or equitable owner of a dominated corporation. . . . New York law has long recognized that it is possible for "two corporations [to] have become so inextricably confused that it is impossible or impracticable to identify the corporation that participated in the transaction attacked." . . . As this court ruled in *William Passalacqua Builders, Inc. v. Resnick*

5

> *Developers South, Inc.,* veil piercing may be used "to reach the
> assets of either the individual [owners] or the other
> [owner]-controlled corporate entities." 933 F.2d at 139-40 (holding
> showing of control by owners of eight separate corporations
> operated as single entity by common owners sufficient to justify
> piercing corporate veil of one corporation to reach assets of either
> owners or other corporate entities) (emphasis added) . . . .

*D. Klein & Son*, 147 Fed. Appx. at 197, 2005 WL 361674, *2 (internal citations omitted).

Moreover, "[a]n attempt to invoke alter ego liability . . . does not constitute a cause of action independent of that against the corporation; rather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners." *Bravado Int'l Group Merchandising Servs., Inc. v. Ninna*, 655 F. Supp. 2d 177, 195 (E.D.N.Y. 2009) (internal quotations omitted).

> As to the first prong, factors which tend to show that a defendant was dominated include:
>
> > (1) the absence of the formalities and paraphernalia that are part
> > and parcel of the corporate existence, i.e., issuance of stock,
> > election of directors, keeping of corporate records and the like, (2)
> > inadequate capitalization, (3) whether funds are put in and taken
> > out of the corporation for personal rather than corporate purposes,
> > (4) overlap in ownership, officers, directors, and personnel, (5)
> > common office space, address and telephone numbers of corporate
> > entities, (6) the amount of business discretion displayed by the
> > allegedly dominated corporation, (7) whether the related
> > corporations deal with the dominated corporation at arms length,
> > (8) whether the corporations are treated as independent profit
> > centers, (9) the payment or guarantee of debts of the dominated
> > corporation by other corporations in the group, and (10) whether
> > the corporation in question had property that was used by other of
> > the corporations as if it were its own.

*Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 139 (2d Cir. 1991). As to the second prong, the Second Circuit has ruled that "it may be satisfied either upon a showing of fraud or upon complete control ... that leads to a wrong against third parties." *D.*

*Klein & Son*, 147 Fed. Appx. at 198 (internal quotations omitted).

Plaintiffs' complaint fails to set forth facts, as opposed to legal conclusions to support its assertion of alter ego liability. For example, it is alleged that "Klein completely controlled, dominated, managed and operated J&S and RBK to suit Klein's convenience" and J&S and RBK "are and remain mere shells, instrumentalities and conduits through which defendant Klein carries on business . . . ." Complaint ¶ 15. While Plaintiffs, in opposition to the motion, point out certain "facts" such as that the counterfeit goods are sold out of the buildings purportedly owned and leased by RBK to J&S (Pls. Mem in Opp. at 2) the asserted facts are not contained in the Complaint. Accordingly, the motion to dismiss is granted to the extent Plaintiffs seek to hold RBK, Klein and Denny's liable on an alter ego theory. However, said dismissal is without prejudice and Plaintiffs may seek leave to amend to the extent factual allegations can be made to support alter ego liability. *See generally Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (upon granting a motion to dismiss, leave to replead should be given unless a plaintiff is unable to allege any facts sufficient to support its claim).

## Conclusion

For the reason set forth herein, Defendants' motion to dismiss is granted to the extent that the claims against RBK, Klein, and Denny's predicated upon an alter ego theory are dismissed with leave to replead, and is otherwise denied.

Dated: Central Islip, New York
      February 8, 2010

                                      /s/
                                      Denis R, Hurley
                                      Senior District Judge